UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMIE EDELKIND,<br>   Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHAL SERVICE,<br>UNITED STATES BUREAU OF PRISONS,<br>ESSEX COUNTY CORRECTIONAL FACILITY,<br>FRANK COUSINS, SHERIFF,<br>REBECCA OUELETTE, CORRECTIONAL OFFICER,<br>JAMES MORECROFT, CORRECTIONAL OFFICER,<br>JOSEPH MASSINA, CORRECTIONAL OFFICER,<br>   Defendants. | C.A. No. 05-11253-RCL |

MEMORANDUM AND ORDER

LINDSAY, D.J.

  For the reasons stated below: (1) Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $250.00 filing fee, or he shall file a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified copy of his prison account statement for the past six (6) months; (2) The Treasurer's Office at Essex County Correctional Facility is Ordered to provide Plaintiff with the required prison account information; and (3) Summonses shall not issue in this case, pending Plaintiff's compliance with this Memorandum and Order.

FACTS

  On June 15, 2005, Plaintiff Jamie Edelkind, a prisoner in custody at the Essex County Correctional Facility ("E.C.C.F."), filed his self-prepared § 1983 civil rights Complaint with respect to his conditions of confinement. Accompanying his Complaint, Plaintiff submitted an Affidavit, averring that he is without financial resources to pay the filing fee. Plaintiff did not

submit an Application to Proceed *in forma pauperis*, nor did he file a certified prison account statement in support.

## ANALYSIS

I.  The Filing Fee

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee.  See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*).  Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration.  28 U.S.C. § 1915(a)(2).[1]

Plaintiff is advised that, unlike other civil litigants, prisoner plaintiffs are **not** entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the **full** amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Accordingly, the Plaintiff is Ordered to either pay the $250.00 filing fee, or in the alternative, file a completed Application to Proceed Without Prepayment of Fees, accompanied by his certified prison account statement showing prison account transactions for the six months prior to the date of the complaint.  The clerk is directed to provide a blank Application form to

---

[1] For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing prison account transactions for the six months prior to the date of the complaint.

Plaintiff, along with a copy of this Order.

The Court will not authorize the issuance of summonses at this time, pending Plaintiff's compliance with this Memorandum and Order. If plaintiff fails to submit a new application or fails to pay the filing fee, this action shall be dismissed without prejudice.

II. Order to Treasurer's Office at E.C.C.F.

To the extent that the Superintendent or the Treasurer's Office at E.C.C.F. requires a Court Order to provide Plaintiff with his prison account statement, it is hereby ORDERED that:

> The Treasurer's Office at E.C.C.F., or any other facility housing the Plaintiff Jamie Edelkind shall, upon request by the Plaintiff, provide this Court with a certified copy of Plaintiff's prison account statement. Such statement shall include balance information for the six (6) months preceding June 15, 2005 (date complaint was filed), and specifically include the following information: 1) the average monthly deposits to Plaintiff's prison account for that six (6) month period; and 2) the average monthly balance in Plaintiff's account for the six (6) month period immediately preceding June 15, 2005.

A copy of this Memorandum and Order shall be sent to the Treasurer's Office at E.C.C.F.

CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $250.00 filing fee, or he shall file a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified copy of his prison account statement for the past six (6) months;

2. The Treasurer's Office at Essex County Correctional Facility is Ordered to provide Plaintiff with the required prison account information; and

3. Summonses shall not issue in this case, pending Plaintiff's compliance with this Memorandum and Order.

SO ORDERED.

Date:   July 22, 2005                                                  /s/ Reginald C. Lindsay
                                                                        REGINALD C. LINDSAY
                                                                        UNITED STATES DISTRICT JUDGE